TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 96-407 |
| of | : | |
| | : | December 13, 1996 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE JAMES B. LINDHOLM, JR., COUNTY COUNSEL, SAN LUIS OBISPO COUNTY, has requested an opinion on the following question:

May an eligibility technician employed by a county department of social services, a county chief probation officer, and a juvenile court judge be licensed as foster parents for children who are wards of the juvenile court and receive placement of such children in their homes if they do not participate in any licensing or placement decisions with respect thereto?

CONCLUSION

An eligibility technician employed by a county department of social services and a chief probation officer, but not a juvenile court judge, may be licensed as foster parents for children who are wards of the juvenile court and receive placement of such children in their homes if they do not participate in any licensing or placement decisions with respect thereto, provided that the appointing power for the technician and officer has not adopted an incompatible activity rule prohibiting licensing or placement.

ANALYSIS

The question presented for resolution concerns whether there are any statutory or other prohibitions against certain public officials (a social worker, probation officer, and juvenile court judge)

1. 96-407

serving as foster parents for children who are wards of the juvenile court.[1] We conclude generally that a social worker and probation officer, but not a juvenile court judge, may act as foster parents for juvenile court wards.

Local foster parent programs are governed by the California Community Facilities Act (Health & Saf. Code, §§ 1500-1567.9; "Act").[2] The Act defines a "foster family home" as a residential facility providing 24-hour care for six or fewer foster children and serving as the foster parents' residence. (§ 1502, subd. (a)(5).) A foster family home may not be operated without a license (§ 1508) or certification (§ 1506).

A foster home provides care for a child in the home of a family rather than in an institutional setting, and for a limited period, as opposed to the permanency of an adoption. (See *Smith v. Organization of Foster Families* (1977) 431 U.S. 816, 823-824.) Reunification of the foster child with his or her biological parents is one of the primary goals of a foster care program. Typically foster parents receive monthly payments for each foster child under provisions of the Aid to Families with Dependent Children ("AFDC") Program (Welf. & Inst. Code, § 11401).[3]

The Legislature has declared that "[i]t is the policy of the state to facilitate the proper placement of every child in residential care facilities where the placement is in the best interests of the child." (§ 1501.1.) The Legislature has further found that "there is a significant shortage of foster families in the state to meet the temporary placement needs of children. . . ." (Stats. 1988, ch. 1142, § 1.)

The three public officials in question are involved in the process of making determinations relative to the licensing of foster family homes and the placement of children in those homes (known as "out-of-home placements"). The eligibility technician employed by the county department of social services determines whether applicants for AFDC grants meet the eligibility criteria; the department of social services serves as the foster parent licensing agency for the county, investigates cases involving abuse or neglect of children, initiates dependency proceedings whereby abused and neglected children may be made wards of the juvenile court (Welf. & Inst. Code, § 300, et seq.),[4] and administers the AFDC program, including the determination of eligibility of recipients of AFDC grants (§§ 11401, 11402).

---

[1] Under Welfare and Institutions Code sections 300, 601, and 602 respectively, a child may be made a ward of the court where he or she is abused, neglected, exploited, or at risk of being so treated; the child persistently or habitually refuses to obey reasonable and proper orders or directions of his or her parents, guardian, or custodian, or who is beyond the control of that person; or the child violates a state law or local ordinance.

[2] All undesignated section references prior to footnote 4 are to the Health and Safety Code.

[3] In Sacramento County, for example, the so-called "AFDC-FC" payments currently range from $345 to $484 per month, depending on the age of the child.

[4] All undesignated section references hereafter are to the Welfare and Institutions Code.

The chief probation officer heads the county department responsible for the supervision of juveniles who have become wards of the court pursuant to sections 601 and 602. The probation department provides information to the department of social services, influencing foster parent licensing and placement decisions.

The juvenile court judge is responsible for hearing juvenile dependency cases (§ 300), cases involving children who are beyond parental control (§ 601), and children who have violated criminal laws (§ 602).

<u>Social Worker and Probation Officer</u>

Because of the potential for a conflict of interest or the appearance of impropriety, the Act prohibits a social worker or probation officer from placing children in the care of the social worker's or probation officer's relatives, and forbids any social worker or probation officer "acting as an officer of the court" from receiving compensation other than his or her county salary with respect to any placements. Section 16517 (Stats. 1992, ch. 497, § 2) states:

"(a) No social worker or probation officer acting as an officer of the court shall make an out-of-home placement of a dependent or ward of the court pursuant to this chapter with any of the following:

"(1) Any relative of the social worker or probation officer responsible for the placement of the child.

"(2) The spouse of any relative described in paragraph (1).

"(b) No social worker or probation officer acting as an officer of the court shall receive compensation for the out-of-home placement of a dependent or ward of the court other than the compensation received as an employee of the county or the state."

Section 16517, subdivision (a) reflects a concern that the relative of the social worker or probation officer might receive preferential treatment. (See *In re Jasmon O.* (1994) 8 Cal.4th 398, 408-409.) Subdivision (b) of the statute is directed at ensuring that the best interests of the child are the sole basis for the placement decision.

Section 16517 has no application here since the social worker and probation officer would not be participating in any decisions respecting placements of children in their own homes. Assuming that the AFDC payments would be a form of compensation, section 16517 would not preclude them from becoming foster parents, since the compensation would not be received for anything they did *in their official capacity*. In both becoming a licensed foster parent and accepting the AFDC payments, they would be acting as private citizens.

We recognize that when the social worker and probation officer seek a license or a placement for their own homes, even where they do not participate in the licensing or placement decisions, an appearance of impropriety might still be present. There may be a perception that they are

in positions to receive preferential treatment from co-workers or subordinates and benefit from the receipt of AFDC payments. This could be of particular concern for the biological parents who may have opposed the removal of their children in the first instance. Nevertheless, section 16517 does not address such circumstances. We are directed to apply statutes according to the plain meaning of their terms. "When `"statutory language is . . . clear and unambiguous there is no need for construction, and courts should not indulge in it."' [Citations.]" (*DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601.)

Besides section 16517, more general conflict of interest statutes must be examined to determine if a social worker or probation officer may serve as a foster parent. Government Code section 1126 provides in pertinent part as follows:

"(a) . . . [A] local agency officer or employee shall not engage in any employment, activity, or enterprise for compensation which is inconsistent, incompatible, in conflict with, or inimical to his or her duties as a local agency officer or employee or with the duties, functions, or responsibilities of his or her appointing power or the agency by which he or she is employed. The officer or employee shall not perform any work, service, or counsel for compensation outside of his or her local agency employment where any part of his or her efforts will be subject to approval by any other officer, employee, board, or commission of his or her employing body, unless otherwise approved in the manner prescribed by subdivision (b).

"(b) Each appointing power may determine, subject to approval of the local agency . . . those outside activities which, for employees under its jurisdiction, are inconsistent with, incompatible to, or in conflict with their duties as local agency officers or employees. An employee's outside employment, activity, or enterprise may be prohibited if it: (1) involves the use for private gain or advantage of his or her local agency time, facilities, equipment and supplies; or the badge, uniform, prestige, or influence of his or her local agency office or employment or, (2) involves receipt or acceptance by the officer or employee of any money or other consideration from anyone other than his or her local agency for the performance of an act which the officer or employee, if not performing such act, would be required or expected to render in the regular course or hours of his or her local agency employment or as a part of his or her duties as a local agency officer or employee or, (3) involves the performance of an act in other than his or her capacity as a local agency officer or employee which act may later be subject directly or indirectly to the control, inspection, review, audit, or enforcement of any other officer or employee or the agency by which he or she is employed, or (4) involves the time demands as would render performance of his or her duties as a local agency officer or employee less efficient.

"The local agency may adopt rules governing the application of this section. The rules shall include provision for notice to employees of the determination of prohibited activities, of disciplinary action to be taken against employees for engaging in prohibited activities, and for appeal by employees from such a determination and from its application to an employee."

We have previously determined that Government Code section 1126 is not self-executing, and that before an employee may be deemed to have violated the statute, he or she must be given notice of the proscribed activities, the intended disciplinary action to be taken, and the appeals procedure therefrom. (70 Ops.Cal.Atty.Gen 157, 160 (1987), citing *Mazzola* v. *City and County of San Francisco* (1980) 112 Cal.App.3d 141.)

Accordingly, although foster parenting by a social worker or probation officer may fall within the scope of Government Code section 1126, subdivision (a), such activity may not be prohibited under the statute unless a determination has been made that the activity is inconsistent with, incompatible to, or in conflict with the person's duties. Under the circumstances presented here, for example, such determination could be based on the fact that the outside activity is subject to the control, inspection, review, audit, or enforcement of other employees of the agency where the social worker or probation officer is employed. As with foster parenting generally, foster parenting by a social worker or probation officer would normally be subject to such review.

We note that the California Department of Social Services, which administers the Act and has promulgated regulations for local licensing and inspection of foster family homes, has not promulgated regulations concerning foster parenting by a social worker or probation officer. (See Cal. Code Regs., tit. 22, §§ 87000-87088.) However, pursuant to the department's current agreement with counties having the responsibility for licensing and inspecting foster family homes, any county employee seeking licensure as a foster parent must be licensed by the department rather than by the county.

No other statutory provision or regulation appears relevant to our discussion of foster parenting by a social worker or probation officer under the facts presented.[5] We thus conclude that an eligibility technician employed by a county department of social services and a chief probation officer may be licensed as a foster parent for children who are wards of the juvenile court and receive placement of such children in their homes if they do not participate in any licensing or placement decisions with respect thereto, provided that the appointing power for the technician and officer has not adopted an incompatible activities rule prohibiting licensing or placement.

<u>Juvenile Court Judge</u>

The standards of conduct for judges are contained in the canons of the Code of Judicial Ethics, adopted by the Supreme Court pursuant to article VI, section 18, subdivision (m) of the Constitution, which provides: "The Supreme Court shall make rules for the conduct of judges, both on and off the bench. . . . These rules shall be referred to as the Code of Judicial Ethics." The canons are binding upon all judges and are enforced by the Commission on Judicial Performance. (See Cal. Const., art. VI, § 18, subd. (d).)[6] Canon 4-E states:

---

[5] Because the social worker and probation officer would not be participating officially in any decisions regarding their own licensing and placements, we need not address, for example, the general prohibitions of the Political Reform Act of 1974 (Gov. Code, §§ 8100-91015) or Government Code section 1090.

[6] A juvenile court judge would not be subject to any locally imposed conflict of interest rules under Government Code

"(1)  A judge shall not serve as executor, administrator, or other personal representative, trustee, guardian, attorney in fact, or other fiduciary, except for the estate, trust, or person of a member of the judge's family, and then only if such service will not interfere with the proper performance of judicial duties.

"(2)  A judge shall not serve as a fiduciary if it is likely that the judge as a fiduciary will be engaged in proceedings that would ordinarily come before the judge, or if the estate, trust, or ward becomes engaged in contested proceedings in the court on which the judge serves or one under its appellate jurisdiction.

"(3)  The same restrictions on financial activities that apply to a judge personally also apply to the judge while acting in a fiduciary capacity."

A juvenile court judge intending to become a foster parent would not be doing so with respect to "a member of the judge's family."  He or she thus would be precluded under canon 4-E(1) from serving as the "guardian" or "other fiduciary" of the juvenile court ward.  It would also be likely that any such placement "would ordinarily come before the judge" or result in "contested proceedings in the court on which the judge serves" for purposes of canon 4-E(2).  It is evident that canon 4-E prohibits the mere appearance of impropriety where a judge's colleagues would be placed in positions of having to decide important matters relating to the welfare of a juvenile court ward.

We thus conclude that Canon 4-E prohibits a juvenile court judge from being licensed as a foster parent for children who are wards of the juvenile court.

\* \* \* \* \*

---

section 1126, since he or she would have no local "appointing authority."  (See 78 Ops.Cal.Atty.Gen 362, 374 (1995).) Municipal and superior court judges hold elective office.  (Cal. Const., art. VI, § 16, subd. (b).)  Vacancies in these offices are filled by appointment of the Governor.  (Cal. Const., art. VI, § 16, subd. (d).)